**MEMO ENDORSED**

RECEIVED
JUN 24 2008
CHAMBERS OF
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

PHILIP S. FRANK
*Assistant Corporation Counsel*
Room 3-183
Telephone: (212) 788-0893
Facsimile: (212) 788-9776
pfrank@law.nyc.gov

June 23, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/27/08

**VIA HAND DELIVERY**
Honorable James C. Francis
United States Magistrate Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>Pedro Ortiz v. City of New York et al.</u>, 07 Civ. 10706 (LAP)(JCF)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendant City of New York ("City"). In essence, plaintiff's complaint alleges that he was falsely arrested on or about August 17, 2006. Consequently, I write to respectfully request a sixty (60) day enlargement of time, until August 22, 2008, for defendant City to respond to the complaint. According to the docket sheet, Police Officers John Thornton, Joanne Green and Michael Zurich were served with a copy of the summons and complaint on June 5, 2008, and Andrew Kenny was served with a copy of the summons and complaint on June 4, 2008. This office has not discussed with Officers Thornton, Green, Zurich, or Kenny the manner of service and we make no representation herein as to the adequacy of service upon them. A decision concerning this office's representation of Officers Thornton, Green, Zurich, and Kenny has not yet been made and accordingly this application is not made on their behalf. However, given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, grant defendants Thornton, Green, Zurich, and Kenny a sixty (60) day enlargement of time, until August 22, 2008, to respond to the complaint. Based upon the date of service on the City, its response is presently due on or about June 23, 2008. Plaintiff is incarcerated and proceeding *pro se*; therefore, this application is made directly to the Court. I note further that no previous request for an extension has been made in this action.

There are several reasons for granting an enlargement of time for defendant to respond to the complaint in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that he was falsely arrested on or about August 17, 2006.

Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. Currently, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of records that may have been sealed pursuant to New York Criminal Procedure Law § 160.50. The executed release is necessary for our office to obtain the District Attorney, Criminal Court and police records pertaining to plaintiff's underlying arrest and prosecution.

Further, assuming plaintiff is able to effect timely service on individual defendants, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the enlargement is necessary in order for us to proceed effectively. Accordingly, we would respectfully ask that the Court grant a sixty (60) day enlargement of time, until August 22, 2008, for defendant City to respond to the complaint.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

*Philip S. Frank* (signature)

Philip S. Frank (PF-3319)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  Via First Class Mail
     Pedro Ortiz
     A-44477153
     566 Veterans Drive
     PO Box 1228
     Pearsall, TX 78061

6/24/08
Application granted.
SO ORDERED.
James C. Francis IV
USMJ

2