AUG 26 2008

CHAMBERS OF
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

THE CITY OF NEW YORK
**LAW DEPARTMENT**

MICHAEL A. CARDOZO
*Corporation Counsel*

PHILIP S. FRANK
*Assistant Corporation Counsel*
Room 3-183
Telephone: (212) 788-0893
Facsimile: (212) 788-9776
pfrank@law.nyc.gov

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/08

August 22, 2008

**VIA HAND DELIVERY**
Honorable James C. Francis
United States Magistrate Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Pedro Ortiz v. City of New York et al., 07 Civ. 10706 (LAP)(JCF)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the defense of the above-referenced matter on behalf of defendant City of New York ("City"). In essence, plaintiff's complaint alleges that he was falsely arrested on or about August 17, 2006. Consequently, I write to respectfully request (1) that the Court compel plaintiff to provide the outstanding releases for the unsealing of the underlying police, district attorney, criminal court, and medical records in this action by a date certain; and (2) a corresponding thirty (30) day enlargement of time from the date defendant receives the executed release for defendant City to respond to the Complaint.[1] By Order, dated June 26, 2008, this Court extended defendant's time to respond to the Complaint until August 22, 2008 so that defendants could have access to the records and investigate plaintiff's allegations before responding. However, to date defendant has not provided defendant with executed releases. Plaintiff is incarcerated and proceeding *pro se*; therefore, this application is made directly to the Court.

---

[1] According to the docket sheet, Police Officers John Thornton, Joanne Green and Michael Zurich were served with a copy of the summons and complaint on June 5, 2008, and Andrew Kenny was served with a copy of the summons and complaint on June 4, 2008. Without appearing on their behalf, it is respectfully requested that if they were properly served the same extension be granted to them to ensure that their defenses are not jeopardized while representation issues are being decided.

There are several reasons for seeking an enlargement of time to respond to the Complaint in this matter. By way of background, by letter, dated April 28, 2008, this office sent to plaintiff unsealing releases for the police records related to the underlying incident in this case that may have been sealed pursuant to N.Y. Crim. P. Law § 160.50 and a HIPPA compliant release for the underlying medical records. To date, plaintiff has not provided defendant with the executed releases.

Without an executed release for records that were sealed pursuant to N.Y. Crim. P. Law § 160.50, this office cannot access the New York City Police Department's records related to the underlying incident. It is necessary for this office to access the underlying records so that we can adequately investigate plaintiff's allegations and ascertain the necessary information to respond to the complaint in a manner consistent with our obligations under Rule 11 of the Federal Rules of Civil Procedure. Specifically, this office will not have access to any of the underlying police, District Attorney, or Criminal Court Records in this action until plaintiff executes a release pursuant to N.Y. Crim. P. Law § 160.50. Without these documents the City cannot determine, *inter alia*, who was involved in the alleged underlying incident, what plaintiff was charged with, and the disposition of the charges. Accordingly, it is necessary for the plaintiff to execute the 160.50 release in order for this office to obtain relevant information relating to the plaintiff's allegations before an Answer is filed. Further, courts routinely require civil rights plaintiffs to produce such releases in these circumstances. See, e.g., Perez v. City of New York, 2003 U.S. Dist. LEXIS 7063 (S.D.N.Y. Apr. 10, 2003)(dismissing complaint when plaintiff failed to provide N.Y. CPL § 160.50 release necessary to answer the complaint); see also Green v. Montgomery, 43 F. Supp. 2d 239, 244 (E.D.N.Y. 1999) (discussing implied waiver of confidentiality). Specifically, Courts have held that by filing a civil action such as the instant case, plaintiff "has waived the privilege conferred by CPL § 160.50 and must consent to [Defendants'] procurement and examination of sealed records or be precluded from prosecuting his... cause of action." Wright v. Snow, 175 A.D. 2d 451, 452 (3d Dep't 1991); see also Green v. Montgomery, 219 F.3d 52, 57 (2d Cir. 2000).

Additionally, this office cannot properly determine, pursuant to Section 50-k of the New York General Municipal Law, whether to represent the individually named defendants, without access to the City's records related to this incident. Section 50-k requires this office to determine, based on a review of the facts of the case, whether we may represent the individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible, and that the enlargement is necessary in order for us to proceed effectively. Accordingly, for the reasons set forth above, defendant City of New York respectfully requests (1) that the Court compel plaintiff to provide the outstanding releases for the unsealing of the underlying police, district attorney, criminal court, and medical records in this action, by a date certain; and (2) a corresponding thirty (30) day enlargement of time from the date defendants receive the executed release, for defendant City to respond to the Complaint.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

*Philip S. Frank*

Philip S. Frank (PF-3319)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: <u>Via First Class Mail</u>
Pedro Ortiz
A-44477153
566 Veterans Drive
PO Box 1228
Pearsall, TX 78061

8/28/08

Plaintiff shall provide the executed releases requested by defendants no later than September 30, 2008, failing which defendants may seek dismissal of the complaint for plaintiff's failure to cooperate in discovery. The defendants' time to answer or move with respect to the complaint is extended to October 31, 2008.

SO ORDERED.

*James C. Francis IV*
USMJ

3